OPINION
Defendant-appellant Charles Johnson appeals the March 30, 2000, Judgment Entry of the Stark County Court of Common Pleas which found him to be a sexual predator pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 23, 1995, defendant-appellant Charles Johnson [hereinafter appellant] was indicted on two counts of rape, in violation of R.C. 2907.02, and two counts of gross sexual imposition, in violation of R.C. 2907.05. On August 9, 1995, appellant entered a plea of guilty to all charges. On August 18, 1995, the trial court filed a Judgment Entry which sentenced appellant to an indeterminate term of not less than eight nor more than 25 years of incarceration on each count of rape. Appellant was further sentenced to a determinate term of two years on one of the counts of gross sexual imposition, regarding a victim less than thirteen years of age, and a determinate term of one and a half years on the other count of gross sexual imposition. The trial court ordered that the sentences be served concurrently. Pursuant to R.C. Chapter 2950, as amended by H.B. 180 [hereinafter H.B. 180], the Ohio Department of Rehabilitation and Corrections recommended that appellant be classified as a sexual predator. On March 20, 2000, the trial court conducted a hearing. In a Judgment Entry filed on March 30, 2000, the trial court found appellant to be a sexual predator under R.C. 2950.09. It is from the March 30, 2000, Judgment Entry that appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDING AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
In the first assignment of error, appellant contends that Ohio's sexual predator law permits ex post facto application of a punitive statute. We disagree. Previously, the Ohio Supreme Court found that H.B. 180 does not violate the Ex Post Facto Clause. State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570; Reaffirmed in, State v. Williams (2000), 88 Ohio St.3d 513,516, 728 N.E.2d 342. However, appellant argues that Cook can be distinguished from the case sub judice in that the defendant in Cook was sentenced after H.B. 180 took effect and appellant, in this case, was sentenced in 1995, before the law took effect. However, this court has previously determined that the reasoning in Cook is applicable in situations where an offender was sentenced prior to the effective date of the law. State v. Everly (Dec. 20, 1999), Stark App. No. 1999CA00125, unreported, 2000 WL 1637; State v. Burns (Jul. 17, 2000), Stark App. No. 1999CA00375, unreported. H.B. 180, as applied to appellant, does not violate the Ex Post Facto clause. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that H.B. 180 violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. This issue also has been decided by the Ohio Supreme Court. In State v. Williams (2000), 88 Ohio St.3d 513, 528, 728 N.E.2d 342, the Court found the following: The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Fifth Amendment to the United States Constitution; see, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks,521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519; Witte v. United States (1995), 515 U.S. 389, 396, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351,361. The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment. Hudson v. United States (1997), 522 U.S. 93, 101, 118 S.Ct. 488, 494,139 L.Ed.2d 450, 460. This court, in Cook, addressed whether R.C. Chapter 2950 is a "criminal" statute, and whether the registration and notification provisions involved "punishment." Because Cook held that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. We dispose of the defendants' argument here with the holding and rationale stated in Cook. Pursuant to State v. Williams, supra. and State v. Cook, 83 Ohio St.3d 404, appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that H.B. 180 is unconstitutionally vague. Appellant's assignment is overruled on the authority of State v. Williams (2000), 88 Ohio St.3d 513, 528,728 N.E.2d 342. In Williams, the Ohio Supreme Court found that R.C. Chapter 2950 is not void for vagueness. The Court found that the statute sets forth "sufficient specific guidelines to prevent arbitrary and discriminatory enforcement" and "provides an adequate standard upon which to make a sexual predator determination." Id. at 532. Further, the Court noted that even if the terms of R.C. 2950.09 are worded broadly, a certain level of broadness in the language allows for individualized assessment rather than an across-the-board rule. Id. This allows for fact-specific determinations. Id. Appellant's third assignment of error is overruled.
 IV
In his fourth and final assignment of error, appellant contends that the trial court's classification of him as a sexual predator, as defined in R.C. 2950.01(E), was not supported by clear and convincing evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant was convicted of two counts each of rape and gross sexual imposition. Rape and gross sexual imposition, violations of R.C.2907.02 and R.C. 2907.05, are defined as sexually oriented offenses under R.C. 2950.01(D). In making a determination as to whether an offender should be adjudicated a sexual predator, the trial court shall consider all relevant factors, including, but not limited to all of the factors specified in division (B)(2) of R.C. 2950.09. See R.C. 2950.09(C)(2)(b). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b). We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578; See e.g. State v. Elbert (March 20, 2000), Stark App. No. 1999CA00193, unreported, 2000 WL 329899. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. At the hearing on March 29, 2000, the State presented the trial court with the Indictment, the Bill of Particulars and appellant's written statement, dated May 9, 1995. The Indictment and the Bill of Particulars indicate that from approximately 1983 — 1994, appellant sexually abused his granddaughter. The granddaughter was five to six years of age when the abuse began. The sexual conduct, which included fondling, digital penetration, oral sex and intercourse, and the use of force after the victim turned thirteen years of age, continued over a period of years. See Indictment, counts two and three. The trial court, made the following findings on the record at the hearing: All right. The factors I have to consider in this particular case under 2950.09 are, of course, and the charges themselves and the seriousness of the charges, the offender's age at the time of arrest was 61; but the conduct occurred as set forth over a several year period of time.
I have to consider the age of the victim in this case and the relationship which is a granddaughter and age five or six years, the nature of the sexual conduct, and the pattern of that.
Considering all of those factors, the court while commending Mr. Johnson for his contributions to those who had alcoholic problems, the problem we have here is that even though that conduct was commendable, the conduct with respect to his own granddaughter was reprehensible; and he broke the trust that his granddaughter was entitled to.
While we have no evidence to indicate a permanent effect upon the granddaughter, those are matters which Mr. Johnson should have considered. At the time as he was trying to help others with alcoholic problems, he has contributed to the effect upon his granddaughter in breaking her trust that she was placed in his position to protect and not otherwise. So the court finds by clear and convincing evidence that the defendant is a sexual predator. . . .
TR. 12-13. Upon review of the record, we find that there was competent, credible evidence to support the trial court's finding that appellant is a sexual predator, as defined in R.C. 2950.01(E), by clear and convincing evidence and that such finding is not against the manifest weight of the evidence. Appellant's fourth assignment of error is overruled.
The Judgment of the Court of Common Pleas of Stark County is affirmed.
Edwards, J. Farmer, P.J. and Wise, J. concur